Parker, C. J.,
delivered the opinion of the Court. The question which has been argued in this case is, whether the policy, on which the suit is brought, is a valued policy, so as to preclude the necessity of proving the amount of interest insured. The words on which this question has arisen are, “In case of loss, no proof of property to be required, and no return of premium to be made for the want of interest.” And it is added, “In case of capture, the assured agrees to claim as Swedish property.” It is agreed, that the vessel sailed in the character of a Swede, being documented as such.
The object and intent of the agreement not to require proof of property is sufficiently evident. It was to prevent, on the one hand, the underwriter from denying his liability, for want of legal evidence of property in the plaintiff; and, on the other hand, to prevent the plaintiff from withholding the premium, on the ground that he had no legal interest. To give it any other construction would be to violate the good faith which ought to subsist between parties who, by the necessities arising from a state of war, have been driven to pretences of this kind, in order to be able to carry on commerce of any kind. It never was intended that the insured should recover *more than he had at risk ; and, if the construetion now contended for by the plaintiff should prevail, the consequence would be, that the policy would be wholly void, being, on that supposition, a wager policy.
Policies held to be valued have become so by virtue of certain words, which may be considered technical; and they are well understood by all who concern themselves in commerce. It would be dangerous to give to any other form of words that meaning, where any doubts may exist as to the intention to give them that effect.
We are all clear that the plaintiff can recover only according to his interest insured by the policy, after deducting what had been previously insured ; and that there must be an abatement of the premium in proportion.
*94 Assessors are to be appointed, who shall ascertain the amount justly due to the plaintiff; and they must be liberal in receiving evidence of the plaintiff’s interest, that he may obtain a full indemnity for his loss.